**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10296
Summary Calendar

BILLY DONNELL HEATH,

Plaintiff - Appellant,

versus

DUNCAN THOMAS, District Attorney,
Hunt County; ANN PRINCE, District Clerk,
Hunt County; MIKE JOHNSTON, Detective,
Greenville City Police Department;
JANIE SIMPSON, Detective,
Greenville City Police Department;
TERESA HAWTHORNE, Plaintiff's trial lawyer,

Defendants - Appellees.

Appeal From the United States District Court
For the Northern District of Texas
(No. 3:99-CV-2277-D)

March 27, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Billy D. Heath appeals the district

court's having dismissed his § 1983 action for failing to state a

_____

 * Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim for which the law provides relief.  Heath had alleged that Defendants withheld potentially exculpatory evidence during an investigation and subsequent state-court trial, after which he was convicted of burglary and sexual assault.  Although it is not altogether clear, presumably Heath wanted an order compelling state officials to give him access to this evidence.  The district court ordered Heath to show a present right to the evidence.  He failed to do so, and the district court dismissed his complaint pursuant to FED. R. CIV. P. 12(b)(6).  We affirm.

Heath has not shown that he has a right to the allegedly withheld evidence that is cognizable under 28 U.S.C. § 1983.  Section 1983 cannot be used to collaterally attack a conviction or sentence.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Thus, Heath cannot use § 1983 to obtain evidence with which he hopes to show that his convictions are invalid.  The proper provision for challenging a state-court conviction or sentence is 28 U.S.C. § 2254.  Section 2254 has its own discovery rules, and Heath can petition for access to evidence once he begins post-conviction proceedings.

The remainder of Heath's arguments have no merit.  The district court is therefore AFFIRMED in all respects.  Heath's motion for oral argument DENIED.